IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GAVIN LAMAR BROWN** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 10-315** |
| | * | |
| **COUNTRYWIDE FINANCIAL** | * | |
| **CORPORATION, et al.** | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Gavin Lamar Brown has sued Countrywide Financial Corporation and Bank of America Corporation, alleging violations of the Truth in Lending Act ("TILA"), the Consumer Protection Act, the Real Estate Settlement Procedures Act ("RESPA"), and the Home Ownership and Equity Protection Act ("HOEPA"), all in connection with a residential mortgage loan on Brown's property in September, 2006. In response, Defendants filed a Motion to Dismiss. Brown failed to respond to the Motion in a timely manner. Despite the fact that the Court thereafter issued an Order to Brown to show cause why he has not responded to the pending Motion, he has still failed to file an opposition to the Motion or explain his failure to do so.

Having considered Brown's failure to file an opposition or to comply with the Court's Order directing him to respond, the Court **GRANTS** Defendants' Motion to Dismiss [Paper No. 3].

**I.**

Brown originally filed his Complaint in the Circuit Court for Prince George's County, Maryland, alleging violations of TILA, the Consumer Protection Act, RESPA, and HOEPA. The case was removed to this Court on February 9, 2010. Defendants filed a joint Motion to Dismiss [Paper No. 3], arguing that Brown failed to state a claim upon which relief could be granted. Brown filed no opposition to the Motion within the applicable deadline. On March 26, 2010, the Court issued an Order requiring Brown to show good cause within 20 days why the case should not be dismissed with prejudice. To date, he has not filed an opposition to Defendants' pending Motion.

## II.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad* Co., 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua* sponte). In this case, Brown has done both. First, he failed to respond to Defendants' Motion to Dismiss, which appears to contain meritorious arguments. Then, he failed to respond to the Court's clear Order to show good cause why the Motion to Dismiss should not be granted and why the case against Defendants should not be dismissed with prejudice.

Brown's inability to observe the Court's deadlines is unacceptable. Accordingly, Defendants' Motion to Dismiss [Paper No. 3] is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

A separate Order will issue.

                                                   /s/
                          **PETER J. MESSITTE**
April 26, 2010            **UNITED STATES DISTRICT JUDGE**